# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SCOTTSDALE INDEMNITY COMPANY,** | ] ] ] |
| Plaintiff, | ] ] |
| v. | ]     CV-12-BE-2146-S ] |
| **MARTINEZ, INC.,** | ] ] |
| Defendant | ] ] ] |

## FINAL ORDER

This matter is before the court on Plaintiff "Scottsdale Indemnity Company's Motion for Summary Judgment " (doc. 41), requesting judgment in its favor on claims asserted in the Complaint (doc. 1) and the Amended Counterclaim (doc. 19).  For the reasons stated in the Memorandum Opinion, filed contemporaneously with this Final Order, the court GRANTS the motion in PART and DEEMS it to be MOOT in PART.  More specifically, the court ORDERS as follows:

• The court  GRANTS the motion for summary judgment as to the claims in Count I of the Complaint for Declaratory Judgment to the following extent.  The court ENTERS SUMMARY JUDGMENT in favor of Plaintiff Scottsdale and against Defendant MBS, and DECLARES:   (1) MBS is not covered for the claims in this lawsuit because the claims fall within the provisions of the GENERAL TERMS AND CONDITIONS, Section D, WARRANTY, subsection 2.c., of Policy No. EKI 3024660; (2) no coverage

exists for those claims because of MBS's material, false statements in the Policy application made by Walters with intent to deceive knowing the facts misrepresented; (3) the claims alleged by MBS under the Policy fall within the language "alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, inconsequence of, or in any way involving" the facts misrepresented in the Policy application; and (4) Scottsdale is entitled to a judgment as a matter of law in its favor and against MBS on that issue.

- The court GRANTS Scottsdale's motion for summary judgment as to the claims in Count II of the Complaint for Declaratory Judgment to the following extent.   The court ENTERS SUMMARY JUDGMENT in favor of Plaintiff Scottsdale and against Defendant MBS, and to the extent, if any, that the sole representative doctrine even comes into play, the court DECLARES that, in the insurance transaction between MBS and Scottsdale regarding the application for and procurement of the 2010-2011 insurance policy,  MBS is chargeable with Walters's knowledge that she had been stealing from MBS and that she gave false information in answering application questions 3 and 4 in the Crime Coverage Section. The court further DECLARES that general agency principles do not estop Scottsdale from enforcing the Policy's provisions to cut off coverage based on Walters's knowledge of the misrepresentations in the application and of her own misconduct that was adverse to MBS.

- As an *alternative* ruling, the court  GRANTS the motion for summary judgment as to the claims in Count III of the Complaint for Declaratory Judgment to the following extent. The court ENTERS SUMMARY JUDGMENT in favor of Plaintiff Scottsdale and

against Defendant MBS, and DECLARES: (1) discovery of the loss made the basis of the claim occurred before the Policy Period, pursuant to the Policy's CRIME COVERAGE SECTION, section D. OTHER CONDITIONS, subsection 2. Discovery; (2) no coverage exists for the claim in question; and (3) Scottsdale is entitled to a judgment as a matter of law in its favor and against MBS on that issue.

- As to the claim for breach of contract set forth in Count II of the Amended Counterclaim (doc. 19) asserted by MBS against Scottsdale, the court GRANTS Scottsdale's motion for summary judgment, and ENTERS SUMMARY JUDGMENT in favor of Plaintiff/Counter-Defendant Scottsdale and against Defendant/Counter-Plaintiff MBS. The court notes that it had previously dismissed Count I of the Amended Counterclaim. With this ruling, no claims remain in the Counterclaim.

- To the extent that the motion for summary judgment and the Complaint for Declaratory Judgment request a declaration as to a claim brought under the "Termination Clause" of the insurance policy in question or as to other unspecified claims, the court DEEMS those requests to be MOOT given the court's declaration of no coverage, and does not reach them.

As no claims remain in this lawsuit, the court DIRECTS the Clerk of Court to close this case, costs taxed against the Defendant/Counter-Plaintiff.

DONE and ORDERED this 25th day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE